Leon Jack SHERBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 50837.

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, Robert Hinton and Dale Markland, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for rape of a child as denounced by V.T.C.A. Penal Code, Sec. 21.09. Punishment was assessed by the jury at twenty years.

The indictment alleged the offense occurred on or about May 19, 1974 and the

record reflects that trial was in November, 1974.

At the outset, appellant contends that "the evidence is insufficient for the reason that the record does not reflect penetration of appellant's sexual organ into that of the complaining witness."

V.T.C.A. Penal Code, Sec. 21.01(3) provides:

" 'Sexual intercourse' means any penetration of the female sex organ by the male sex organ."

The record reflects the eleven-year-old prosecutrix testified:

"A. He [appellant] unzipped his pants and put his thing in my thing.

"Q. His thing? You mean his male sexual organ?

"A. Yes, sir.

  *   *   *   *   *   *

"Q. . . . Did Leon Jack Sherbert, this Defendant right here, stick his male sexual organ, as you call his thing, into your thing, your female sexual organ?

"A. Yes, sir.

"Q. And did he push and push and push his male sexual organ against and into your female sexual organ?

"A. Yes, sir."

Dr. James D. Strong testified that upon examination of prosecutrix he found "some abraded or raw areas on the inner surface into the area around the vagina" and that these abrasions were compatible "with abrasions caused by the friction of a human male sexual organ rubbing against these parts of the labia majora and the labia minora of . . . [prosecutrix]." We cannot agree with appellant's argument

that the testimony of Dr. Strong that the abrasions could have resulted from other causes such as a hand or a finger rendered the evidence insufficient to support the verdict.

The burden of proof upon the State in proving penetration is no greater under V.T.C.A. Penal Code, Sec. 21.01(3) than it was under Art. 1187, V.A.P.C.[1] This Court has held that the requirement of Art. 1187, V.A.P.C. is satisfied by showing any penetration, no matter how slight. *Rhynes v. State*, Tex.Cr.App., 479 S.W.2d 70; *Nilsson v. State*, 477 S.W.2d 592; *Johnson v. State*, Tex.Cr.App., 449 S.W.2d 65. While proof of the slightest penetration is sufficient, this element of the offense must be proved beyond a reasonable doubt. *Lynch v. State*, 150 Tex.Cr.R. 57, 199 S.W.2d 780; *Calhoun v. State*, 134 Tex.Cr.R. 423, 115 S.W.2d 965. Penetration between the labia of the female's private parts by the male sexual organ of the defendant is sufficient although the vagina was not entered or an act of intercourse was never completed. *Rhynes v. State*, supra.

We find that the evidence was ample to prove the act of penetration and conclude that the evidence was sufficient to support the conviction. *Nicholas v. State*, Tex.Cr. App., 478 S.W.2d 494; *Sanchez v. State*, Tex.Cr.App., 479 S.W.2d 933.

Appellant contends the court erred in allowing the prosecutrix to relate the hearsay comments of a third party.

The record reflects the following testimony of prosecutrix which gives rise to appellant's contention:

"Q. And that night, in the confines of that bathroom, did you confide in Tommie Sue?

"A. Yes, sir.

---

1. Art. 1187, V.A.P.C. provided:
 "Penetration only is necessary to be proved on a trial for rape."
 The Commentary following Sec. 21.01, supra, notes:
 "The definition of 'sexual intercourse' contained in Subdivision (3) does not

change prior Texas law, but retains, for example, the requirement of penetration, however slight, Penal Code art. 1187; e. g., *Flannery v. State*, 135 Tex.Cr.R. 235, 117 S.W.2d 1111 (1938)."

**638**

"Q. And what did you tell her?

"A. I told her that Jack [appellant] had been bothering me.

"Q. And what did she tell you?

"A. She said, 'I had been expecting that.'"

Appellant objected to the statement of the third party as being hearsay and prejudicial and the court overruled the objection.

 The same information relative to Tommie Sue telling prosecutrix that she "expected that" after prosecutrix had told her about the events in question was later admitted without objection. Nothing is presented for review. *Mutscher v. State*, Tex.Cr.App., 514 S.W.2d 905; *Amaya v. State*, Tex.Cr.App., 473 S.W.2d 476; *Vela v. State*, Tex.Cr.App., 516 S.W.2d 176.

▮ Appellant contends the court erred in refusing to allow appellant to impeach the prosecutrix by use of the examining trial transcript.

Appellant points to the testimony of prosecutrix that appellant had attempted to fondle her on two occasions and complains that the court refused to allow appellant to impeach prosecutrix with examining trial testimony of prosecutrix to the effect that the occasion in question was the first time appellant had attempted to bother her.

The record reflects the following testimony was elicited from prosecutrix by appellant before proffer of the examining trial testimony for impeachment:

"Q. As opposed to any other dates, May the 19th [date of the alleged offense] was the couch date, and he asked you [at the examining trial] if Jack had ever touched you before that couch day and you answered that he hadn't. Do you remember that?

"A. Yes, sir."

When a witness admits making the prior inconsistent statement, such statement is not admissible, for under such circumstances the witness has performed the act of impeachment. *Wood v. State*, Tex.Cr.App.,

511 S.W.2d 37; *Hoffman v. State*, Tex.Cr. App., 514 S.W.2d 248. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.