Opinion filed October 27, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00288-CR

_____

## RICHARD WAYNE HAMMER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR14201**

## M E M O R A N D U M   O P I N I O N

The jury convicted Richard Wayne Hammer of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), (e) (West Supp. 2016). The jury assessed his punishment at confinement for ninety-nine years. In Appellant's sole issue on appeal, he contends that the evidence is insufficient to sustain the verdict of the jury. We affirm.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v.*

*Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Brown v. State*, 381 S.W.3d 565, 573 (Tex. App.—Eastland 2012, no pet.) (citing *Jackson*, 443 U.S. at 314, 318 n.11, 320).

Eric Shane Covey and Holly Renea Prock are L.C.'s parents. Covey testified that he received a call about L.C. being removed from Prock by CPS. After CPS workers removed L.C. from Prock's house, they placed her in the home of Cindy Hammer. Cindy is Prock's mother and L.C.'s grandmother. Cindy and Appellant were married and lived together in Dublin, Texas. Covey testified that Appellant could not be in the home with L.C. because Appellant was a registered sex offender. L.C. went to live with Covey a few days after CPS removed L.C. from Prock's care and placed her with Cindy.

Covey and L.C. lived with his parents. He testified that, on one occasion after L.C. had gone to the bathroom, she told him, "Daddy there's . . . blood in my pee." Covey explained that she had already flushed the toilet, so he took her into the kitchen, away from everybody, and said to her, "[Y]ou know, [L.C.] you know, little girls shouldn't be bleeding when they pee unless somebody has been touching you down there." He testified, "[S]he just said, no, like real hard, and I said, now, [L.C.]

2

you're not going to get in trouble, I'm your daddy, but if somebody has been touching you down there, I need to know, and she just kind of bowed her head and said Papoo." L.C. called Appellant "Papoo." Covey asked L.C. if this had happened just once, and she told him that "it'd happened ever since she could remember, since she was like four."

Sandra Enriquez, a sexual assault nurse examiner at Cook Children's Medical Center, testified that she examined L.C. on January 21, 2014, when she was brought in by her father. Enriquez said that L.C. told her that L.C.'s grandpa, Papoo, "touche[d] with his finger on the inside." L.C. also told Enriquez that "it hurts." Covey was not present when L.C. was interviewed. Enriquez made a diagnosis of "sexual abuse, with no anal or genital injuries noted." She explained that any touching of a child that age as described by L.C. would have been painful. Further, Enriquez testified that any touching of a child that age on the inside of the female genitalia would be painful.

As part of the SANE examination, Enriquez took swabs of the inside of L.C.'s genitalia. Jennifer Valentine, from the Tarrant County Medical Examiner's Office, tested the swabs for DNA. She testified that DNA from the swabs from L.C.'s labia were from a male. However, she could not match the DNA to a specific person.

L.C. testified at trial. The prosecutor asked L.C. if Papoo touched her in a "bad way," and L.C. nodded her head in the affirmative. When asked, "Where did he touch you?" L.C. pointed down. L.C. said that it made her "[s]ad" when Papoo touched her in "the bad place."

Appellant denied any sexual touching or penetration of the child. However, he did admit that he had violated the CPS agreement that he not have contact with L.C. and also admitted that he had a previous conviction for sexual conduct with a minor in Arizona. Additionally, he testified that L.C. was truthful "most of the

3

time." Cindy Hammer testified that she never saw Appellant do anything that would lead her to believe that Appellant touched L.C. sexually.

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes "the penetration of the anus or sexual organ of a child by any means." PENAL § 22.021(a)(1)(B)(i). Appellant argues that the evidence is insufficient to prove that Appellant penetrated L.C. Appellant contends that, while L.C. said that Appellant touched her and that it made her sad, she did not say that he penetrated her.

We disagree with Appellant. Enriquez testified that L.C. told her that Papoo touched her on the inside and that it hurt. L.C. also testified that it made her sad when Papoo touched her in "the bad place." Further, DNA from the swabs from her labia was from a male. Proof of only slight penetration is sufficient. *Sherbert v. State*, 531 S.W.2d 636, 637 (Tex. Crim. App. 1976); *see Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Furthermore, the testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2016); *Empty v. State*, 972 S.W.2d 194, 196 (Tex. App.—Dallas 1998, pet. ref'd). Accordingly, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found all of the elements of the offense of aggravated sexual assault of a child beyond a reasonable doubt. Therefore, the evidence is sufficient to support Appellant's conviction. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


October 27, 2016                                             JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).            JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4