**Concurring and Dissenting Opinion Filed June 9, 2021**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01328-CR

**JERRY LYNN TURNER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 070819**

## CONCURRING AND DISSENTING OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Dissenting Opinion by Justice Partida-Kipness

While I concur in the majority's affirmation of the trial court's judgment, I disagree with the majority's conclusion that the trial court did not err by giving the instruction on "penetration." Because I conclude the instruction was erroneous under binding precedent from the Texas Court of Criminal Appeals, I respectfully dissent from the majority's resolution of Turner's third issue.

The charge included the following pertinent language regarding aggravated sexual assault of a child:

A person commits the offense of Aggravated Sexual Assault of a child if the person, regardless of whether the person knows the age of the

child at the time of the offense, intentionally and knowingly causes the penetration of the mouth of a child by the sexual organ of the actor, . . . .

. . . .

Penetration is complete however slight.

In his third issue, Turner argues that the charge commented on the weight of the evidence by including the instruction "[p]enetration is complete however slight." Turner further argues the error caused him egregious harm. The State concedes the trial court erred by including the penetration instruction in the charge but maintains the error was harmless. Nonetheless, the majority concludes that submitting the penetration instruction was not error. That conclusion is contrary to the court of criminal appeals's 2015 opinion in *Green v. State*, 476 S.W.3d 440 (Tex. Crim. App. 2015). Further, the cases the majority relies on to reach its conclusion were each issued before *Green* and conflict with *Green*'s holding that it is error for a trial court to define penetration in a charge because "penetration" is not statutorily defined and does not have a known and established legal meaning. *Green*, 476 S.W.3d at 445.

In *Green*, the trial court defined the word "penetration" in the charge and instructed the jury as follows:

> One of the elements in this case is "penetration." You are instructed that penetration occurs so long as contact with the female sexual organ could reasonably be regarded by ordinary English speakers as more intrusive than contact with the outer vaginal lips and ***is complete, however slight,*** if any. Touching beneath the fold of the external genitalia amounts to penetration within the meaning of the aggravated sexual assault statute.

*Green v. State*, 434 S.W.3d 734, 737 (Tex. App.—San Antonio 2014) (emphasis added), *rev'd on other grounds*, 476 S.W.3d 440 (Tex. Crim. App. 2015). The court of criminal appeals held that the court of appeals correctly concluded that those instructions were erroneous because the term "penetration" is not statutorily defined and no persuasive authority established that the term had acquired a technical or particular legal meaning applicable in the context of the case. *Id.* at 445–46. The *Green* court then conducted a harm analysis and concluded the error was harmless. *Id.* at 449.

Under *Green*, the focus of an error analysis is on whether the term "penetration" is statutorily defined or has a known and established legal meaning such that a definition of that term is considered the law applicable to the case under article 36.14. *Green*, 476 S.W.3d at 445. Terms that are not statutorily defined or do not have a known and established legal meaning are not considered "the law applicable to the case" and should not be included in the charge. *Id.* Instead, the jury should be permitted to interpret the term according to common usage. *Id.* Here, as in *Green*, the term at issue is "penetration." That term is not statutorily defined and, according to the court in *Green*, that term does not have a known or established legal meaning such that a definition of that term is considered the law applicable to the case under article 36.14. *See id.* And each instruction includes the same language that penetration "is complete, however slight." I would conclude that *Green* controls

our analysis here and requires this Court to hold that the trial court erred by including the penetration instruction in the court's charge.

The majority's attempt to distinguish *Green* is unavailing. The majority states that *Green* is inapplicable because the language at issue here "served as an instruction on the degree of penetration required under the aggravated sexual assault statute" rather than providing a "meaning as to what act constituted penetration." (Slip. Op. at 16–17). That is incorrect. The penetration instruction given here includes the same language—that penetration is complete "however slight"—as the definition and instruction deemed erroneous in *Green*. Although the instructions in *Green* included more language than the penetration instruction at issue here, the *Green* court concluded the entire instruction was erroneous because it defined a term—penetration—that is not statutorily defined and does not have a known and established legal meaning. *Green*, 476 S.W.3d at 445–46. The instructions in *Green* are arguably more incorrect than the instruction at issue here because they included more words, but that does not make the penetration instruction in this case correct under *Green*. On the contrary, I believe *Green* requires this Court to conclude that the penetration instruction was given in error.

Further, the four cases relied on by the majority are pre-*Green* and do not support a conclusion that defining "penetration" was proper here. *Henry v. State*, 103 S.W.2d 377 (1937); *Sherbert v. State*, 531 S.W.2d 636 (Tex. Crim. App. 1976); *Vernon v. State*, 841 S.W.2d 407 (Tex. Crim. App. 1992); *Arriaga v. State*, No. 05-

09-00815-CR, 2010 WL 2404693 (Tex. App.—Dallas June 17, 2010, pet. ref'd) (not designated for publication).

For example, this Court's 2010 opinion in *Arriaga v. State* was issued five years before the court of criminal appeals issued *Green*. In *Arriaga*, a sexual assault case, the trial court instructed the jury that "'penetration' is complete however slight." 2010 WL 2404693, at *2. This Court concluded the instruction was not erroneous. *Id.* at *3. Although the definition of "penetration" in *Arriaga* is the same as the definition at issue here, I would hold that *Arriaga* is inapplicable here because it is pre-*Green*, unpublished, and does not address the legal concepts relied on by the *Green* court. Specifically, *Arriaga* does not address the general rule upon which *Green* based its holding: that "definitions for terms that are not statutorily defined are not considered to be the 'applicable law' under Article 36.14, and it is thus generally impermissible for the trial court to define those terms in the jury instructions." *Green*, 476 S.W.3d at 445. The *Green* court concluded that "penetration" may not be defined in a charge because it is not statutorily defined and does not have a known and established legal meaning. *Id.* To the extent *Arriaga* held otherwise, it conflicts with the binding precedent of *Green* and should not be followed here.

*Henry*, *Sherbert*, and *Vernon*, like *Arriaga*, issued years before *Green* and are, thus, no longer good law on the question at issue here. But they are also distinguishable from this case. The 1937 case of *Henry v. State* did not address

whether defining "penetration" in a charge constitutes error. 103 S.W.2d at 380. Rather, the *Henry* court determined, without analysis, that the charge's definition of "act of intercourse" was properly submitted: "By the term 'Act of intercourse' as used herein is meant any degree of penetration, however slight, of the person of prosecuting witness by defendant." *Id.*

In *Sherbert* and *Vernon*, penetration was not defined in the charges, and the court of criminal appeals did not address whether including a definition of penetration would have been error. *Sherbert*, 531 S.W.2d at 637; *Vernon*, 841 S.W.2d at 409–10. Rather, in each case, the court addressed whether the evidence was sufficient to prove the act of penetration. *Sherbert*, 531 S.W.2d at 637; *Vernon*, 841 S.W.2d at 409–10. In each opinion, the court cited earlier cases holding that the requirement of establishing "penetration" under the rape statute was "satisfied by showing any penetration, no matter how slight." *Sherbert*, 531 S.W.2d at 637; *see Vernon*, 841 S.W.2d at 409–10 (citing *Sherbert* and other cases and concluding that "the phrase 'penetration of the ... female sexual organ' is fairly susceptible of an understanding which includes the kind of touching proven in this case.").

Further, *Sherbert* and *Vernon* are sufficiency-of-the-evidence cases, not charge-error cases. The *Green* court specifically distinguished sufficiency-of-the-evidence cases from cases, like the case at bar, where the court is tasked with determining whether a trial court erred by including a definition of a statutorily-undefined term in the charge:

Furthermore, in response to the State's suggestion that the terms have acquired particular legal meanings in cases addressing the sufficiency of the evidence, we observe that, "[a]lthough an appellate court may articulate a definition of a statutorily undefined, common term in assessing the sufficiency of the evidence ... a trial court's inclusion of that definition in a jury charge may constitute an improper comment on the weight of the evidence."

*Green*, 476 S.W.3d at 445 (quoting *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012)).

In addition to conflicting with *Green*, the majority's conclusion is contrary to persuasive post-*Green* precedent. Since *Green* issued, two courts have addressed whether definitions of penetration similar to the one at issue here were erroneously given. Both courts concluded that giving the definition was error but such error was harmless. *Duarte v State*, No. 13-16-00198-CR, 2017 WL 5184836 (Tex. App.—Corpus Christi–Edinburg Nov. 9, 2017, no pet.) (mem. op., not designated for publication); *Trevino v State*, No. 06-15-00165-CR, 2016 WL 2997392 (Tex. App.—Texarkana May 25, 2016, no pet.) (mem. op., not designated for publication).

In *Duarte*, the charge included the following definition:

One of the elements in this case is "penetration." The burden is upon the State to prove each and every element of the offense, if any, beyond a reasonable doubt. You are instructed that **penetration is complete, however, slight.**

*Duarte*, 2017 WL 5184836, at *7 (emphasis added). Applying *Green*, the *Duarte* court concluded the trial court erred by including the definition because the definition was not statutorily defined. *Id.* The court then conducted a harm analysis and concluded Duarte was not egregiously harmed by the charge error. *Id.* at *7–8.

–7–

The *Trevino* court employed a similar analysis. In *Trevino*, the charge defined "penetration" as "penetration of any degree." *Trevino*, 2016 WL 2997392 at *6. Applying *Green*, the court held that the trial court erred by including the definition in the charge, but the error was harmless. *Id.* at *6.

Applying *Green*, *Duarte*, and *Trevino* to this case, the inclusion of the definition of "penetration" was error. However, as in those cases, that error was harmless because the definition was neutral and provided a common-sense definition that "would not have impinged on the jury's fact-finding authority." *See Trevino*, 2016 WL 2997392, at *6. Further, the instruction did not focus the jury's attention on a particular type of evidence. *See id.*; *see also Duarte*, 2017 WL 5184836, at *8. The jury also had before it the sisters' testimony, the testimony of multiple prosecution witnesses, and Turner's denial of the allegations. The state of the evidence and the jury's rejection of Turner's defensive evidence weighs against egregious harm. *See Duarte*, 2017 WL 5184836, at *8. In addition, no excessive emphasis was placed on the instruction by counsel at trial. I, therefore, agree that Turner has not shown egregious harm. *See id.*

Because the majority relies on outdated law, misapplies binding precedent from the court of criminal appeals, and disregards analogous persuasive authority, I respectfully dissent from the majority's conclusion that inclusion of the penetration instruction in the charge was not error.

I concur, however, in the judgment affirming the trial court's judgment.

/Robbie Partida-Kipness/

ROBBIE PARTIDA-KIPNESS
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
191328CF.P05