# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00089-CR

**Wayne Allen Hammock, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-16-100032, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Wayne Allen Hammock guilty of multiple child-sexual-abuse offenses—three counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact—for sexually abusing his former girlfriend's daughter, M.M., when she was a young child. *See* Tex. Penal Code §§ 21.11(a), 22.021(a)(1)(B), (2)(B). The jury assessed appellant's punishment at confinement for twenty-one years in the Texas Department of Criminal Justice for each of the aggravated-sexual-assault counts and six years confinement for each of the indecency counts. *See id.* §§ 12.32, 12.33. The trial court ordered the sentences to be served concurrently. *See id.* § 3.03(b)(2)(A). On appeal, appellant asserts that some of his convictions subject him to multiple punishments for the same offense in violation of the constitutional protection against double jeopardy. Finding that two of appellant's convictions violate double jeopardy, we affirm in part and vacate in part.

**BACKGROUND**

The evidence at trial showed that appellant's sexual abuse of M.M. was discovered when M.M.'s high school history teacher confiscated M.M.'s personal journal after catching her passing the notebook to a friend in class. In the journal, M.M. had written that, after her parents divorced,

> When I was 6 and my mom when [sic] to this guy named Wain [sic] when my mom went to work he would tell me it was time to take a bath and he would give me a bath  Well one day I decided I was going to not listen to him and run around the house with no clothes on and he sat there and told me to give him a huge [sic] when I did he toke [sic] his pants of and then asked me if I want to flip and I said yes I was only a kid and didn't know anything about sex and stuff like that. When I said yes he fliped [sic] me so were [sic] my head was on his Dick and my V was next to his mouth he told me to close my eyes and brush my teeth and then he put his D in my mouth and I could fell [sic] something cold and wet in my V him licking my V and then I said to him I dont [sic] want to flip no more every day he would do something nasty to me and I didn't know better He would take me too [sic] his work and put [a] blind fold on me and say time to brush your teeth.

Concerned after reading M.M.'s description of being sexually abused, M.M.'s teacher brought the matter to the school principal and the school counselor. The principal and the counselor questioned M.M. about the journal; she confirmed that the journal entries were accurate. The school officials then summoned M.M.'s father to the school. Her father read the journal and, after M.M. confirmed that "everything was true," called the police. A criminal investigation ensued, and appellant was eventually arrested and indicted.

The indictment charged appellant with five counts of various child-sexual-abuse offenses:

Count 1    charged appellant with aggravated sexual assault of a child and alleged that appellant intentionally or knowingly contacted M.M.'s sexual organ with his mouth, *see* Tex. Penal Code § 22.021(a)(1)(B)(iii);

2

Count 2  charged appellant with aggravated sexual assault of a child and alleged that appellant intentionally or knowingly penetrated M.M.'s mouth with his sexual organ, *see id.* § 22.021(a)(1)(B)(ii);

Count 3  charged appellant with aggravated sexual assault of a child and alleged that appellant intentionally or knowingly caused M.M.'s mouth to contact his sexual organ; *see id.* § 22.021(a)(1)(B)(v);

Count 4  charged appellant with indecency with a child by sexual contact and alleged that, with intent to arouse or gratify appellant's sexual desire, appellant engaged in sexual contact with M.M. by touching her genitals, *see id.* § 21.11(a)(1); and

Count 5  charged appellant with indecency with a child by sexual contact and alleged that, with intent to arouse or gratify appellant's sexual desire, appellant engaged in sexual contact with M.M. by causing her to touch his genitals, *see id.*

All of the offenses were alleged to have been committed "on or about" October 1, 2009, in Travis County, Texas.

The testimony presented at trial demonstrated three instances of appellant engaging in sexual conduct with M.M.:

- playing the "flip game"—the incident at bath time when M.M. was naked, and appellant "flipped" her around, held her by her ankles, and "licked [her] vagina" while he "made [her] suck his penis";

- the "blanket incident"—a time when appellant laid M.M. down on his bed, placed her on her back, removed her clothes, covered her with a blanket, and "licked [her] vagina"; and

- the "office incident"—an occasion when appellant put M.M. in his office chair, blindfolded her, and "brushed [her] teeth" by "put[ting] his dick in [her] mouth."[1]

---

[1]  In her testimony at trial, M.M. described these three instances of sexual abuse. Testimony from a forensic interviewer from the children's advocacy center reflected that M.M. described these same instances of sexual abuse to her during the forensic interview. In addition, the sexual assault nurse examiner testified about the sexual abuse that M.M. recounted to her

3

The evidence established that the "flip game" and the "blanket incident" happened when M.M. was five or six years old at the family's home in Leander in Travis County, Texas; the "office incident" occurred during the same time frame at appellant's place of employment in Cedar Park in Williamson County, Texas.[2]

## DISCUSSION

In two points of error, appellant contends that his convictions for indecency with a child by sexual contact were subsumed by his convictions for aggravated sexual assault of a child and, therefore, he was punished twice for the same offenses in violation of the Double Jeopardy Clauses of United States and Texas Constitutions.

Appellant did not raise his double-jeopardy claims at trial. Accordingly, he may raise them for the first time on appeal only if the undisputed facts show that (1) the violations are clearly apparent on the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *See Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Denton*, 399 S.W.3d at 544; *accord Ex parte Knipp*, 236 S.W.3d 214, 216 n.3 (Tex. Crim. App. 2007).

during the sexual assault forensic exam: that her mother's ex-boyfriend "touched her vagina with his hands and tongue" and "stuck his penis in her mouth."

[2] Appellant does not dispute—and in fact concedes in his brief—that the evidence established the above-described instances of sexual abuse. He similarly acknowledges the venue for each instance.

4

In this case, there is no need for expansion of the record because the record contains all of the information needed to determine whether appellant's double-jeopardy protections were violated. *See Denton*, 399 S.W.3d at 544–45. In addition, because all five convictions arise out of the same trial, enforcement of the usual rules of procedural default would serve no legitimate state interest. *See Shaffer v. State*, 477 S.W.2d 873, 876 (Tex. Crim. App. 1971) (enforcement of rules of procedural default serves no state interest when "the two convictions were in the same court, on the same day, before the same judge, and were based on the same evidence"); *Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, pet. ref'd) (because both convictions arose out of same trial, enforcement of usual rules of procedural default would serve no legitimate state interest).

As relevant here, the Double Jeopardy Clauses of both the United States and Texas Constitutions forbid multiple punishments for the same offense in a single prosecution. *See* U.S. Const. amend. V; Tex. Const. art. 1, § 14; *see also Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App.), *cert. denied*, 139 S. Ct. 646 (2018); *State v. Donaldson*, 557 S.W.3d 33, 41 (Tex. App.—Austin 2017, no pet.). A multiple-punishments double-jeopardy claim arises under two scenarios: (1) in the context of lesser included offenses, where the same conduct is punished under both a greater and a lesser included offense, and (2) when the same conduct is punished under two distinct statutes where the legislature intended for the conduct to be punished only once. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Langs*, 183 S.W.3d at 685.

In his first point of error, appellant argues that the offense of indecency with a child charged in Count 5 was subsumed by either the offense of aggravated sexual assault of a child charged in Count 2 or the offense of aggravated sexual assault of a child charged in Count 3 because appellant's sexual contact with M.M. by causing her to touch his genitals (as charged

in Count 5) was subsumed by appellant's penetration of M.M.'s mouth with his sexual organ (as charged in Count 2) or by appellant causing M.M.'s mouth to contact his sexual organ (as charged in Count 3). In his second point of error, appellant contends that the offense of indecency with a child charged in Count 4 was subsumed by the offense of aggravated sexual assault of a child charged in Count 1 because appellant's sexual contact with M.M. by touching her genitals (as charged in Count 4) was subsumed by appellant contacting M.M.'s sexual organ with his mouth (as charged in Count 1). Therefore, according to appellant, because the indecency offenses were subsumed by the aggravated-sexual-assault offenses, his convictions for Counts 4 and 5 should be vacated.

The State agrees that appellant has been subjected to multiple punishments for the same offense in violation of the prohibition against double jeopardy but differs as to which offenses were subsumed. The State argues that the aggravated sexual assault charged in Count 3 and the indecency with a child charged in Count 5 were subsumed by the aggravated sexual assault charged in Count 2 because appellant causing M.M.'s mouth to contact his sexual organ (as charged in Count 3) and appellant's sexual contact with M.M. by causing her to touch his genitals (as charged in Count 5) were subsumed by appellant's penetration of M.M.'s mouth with his sexual organ (as charged in Count 2). Thus, the State maintains that the convictions for Counts 3 and 5 should be vacated. In addition, the State asserts that the evidence of one of the instances of appellant contacting M.M.'s sexual organ with his mouth demonstrates that the indecency with a child charged in Count 4 (appellant engaging in sexual contact with M.M. by touching her genitals) was a separate and discrete act. Therefore, according to the State, the conviction for that count should be retained.

6

In assessing whether appellant's convictions violate the double-jeopardy prohibition against multiple punishments for the same offense, we must consider whether the convictions in this case are based on the same act or whether each violation is predicated on a separate act. *See Blockburger v. United States*, 284 U.S. 299, 301–03 (1932); *Maldonado v. State*, 461 S.W.3d 144, 149–50 (Tex. Crim. App. 2015); *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014); *Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.). If alleged offenses occur during a single continuous act, with a single impulse, in which several different statutory provisions are necessarily violated along that continuum, some of the offenses may merge together or be subsumed, and the defendant may be punished only once. *Aekins*, 447 S.W.3d at 275 (discussing "the merger doctrine," "the single impulse doctrine," or, here in Texas, "the doctrine of subsumed acts"). For that reason, a defendant may not be convicted for a completed sexual assault by penetration and also for conduct—such as exposure or contact—that is "demonstrably and inextricably part of that single sexual assault." *Id.* at 281; *see Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004).

Conversely, if the offenses are instead separate and discrete acts, a defendant who commits more than one sexual act against the same victim may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity. *Aekins*, 447 S.W.3d at 278; *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999). Thus, separate charges of indecency with a child and sexual assault of a child are proper if the record supports separate and distinct acts, even if committed in close temporal proximity, and the incidents may lawfully give rise to a conviction for each separate act. *See Maldonado*, 461 S.W.3d at 147, 149–50; *see also Patterson*, 152 S.W.3d at 92 (holding that when two penetrations were separated by short period of time, two independent assaults occurred).

7

The evidence in the trial record established that appellant contacted M.M.'s sexual organ with his mouth on two occasions (the "flip game" and the "blanket incident") and that he penetrated M.M.'s mouth with his sexual organ on two occasions (the "flip game" and the "office incident"). However, the evidence of appellant penetrating M.M.'s mouth with his penis at his workplace (the "office incident") was not evidence related to the charged offenses but was instead evidence of an extraneous offense.[3] *See* Tex. Code Crim. Proc. art. 38.37, § 1(b) (permitting introduction of evidence of extraneous offenses or acts committed by defendant

---

[3] In his reply brief, appellant argues that the "office incident" was not presented as an extraneous offense but as part of the charged conduct. He maintains that the State had "permissive venue" to prosecute the "office incident" in Travis County under article 13.15 of the Code of Criminal Procedure because that statute allowed the State to prosecute appellant "for acts of sexual assault which began and/or ended in Travis County but occurred partly in another county." However, the article 13.15 venue provision provides, in relevant part, that "[s]exual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported *in the course of the abduction and sexual assault*." Tex. Code Crim. Proc. art. 13.15 (emphasis added). While the evidence reflected that, during the "office incident," appellant transported M.M. into Williamson County by taking her to his place of employment, no evidence in this case demonstrated that M.M. was abducted. *See Fairfield v. State*, 610 S.W.2d 771, 778 (Tex. Crim. App. 1981) (observing that ordinary meaning of "abduct" "invariably connotes the use of force"); *Cavazos v. State*, 668 S.W.2d 435, 438–39 (Tex. App.—Austin 1984, pet. ref'd) (observing that "widely used dictionary" defines "abduct" as "to take (a person) away unlawfully and by force or fraud" and concluding that "one may abduct another by use of deception"). The evidence does not support Williamson County as a county into which M.M. was transported "in the course of the abduction and sexual assault."

Moreover, we observe that the State filed a pretrial notice of its intent to introduce evidence of extraneous acts that included the following extraneous act:

On or about October 1, 2009 *in Williamson County, Texas*, the defendant Wayne Allen Hammock intentionally and knowingly caused the mouth of [M.M.], a child younger than 14 years of age, to contact the sexual organ of Wayne Allen Hammock.

(Emphasis added.) *See* Tex. Code Crim. Proc. art. 38.37, § 3 (requiring State to give defendant notice, prior to trial, of intent to introduce in case in chief evidence of extraneous crimes, wrongs, or acts committed by defendant that are admissible under article 38.37). The primary charged offenses in the indictment were alleged to have occurred in Travis County.

8

against child victim of alleged offense for its bearing "on relevant matters" such as "the state of mind of the defendant and the child" and "the previous and subsequent relationship between the defendant and the child").

Based on the indictment in this case, the sexual acts for which appellant was convicted included:

(1) contacting M.M.'s sexual organ with his mouth (Count 1);

(2) penetrating M.M.'s mouth with his sexual organ (Count 2);

(3) causing M.M.'s mouth to contact his sexual organ (Count 3);

(4) touching M.M.'s genitals (Count 4); and

(5) causing M.M. to touch his genitals (Count 5).

As discussed above, the evidence supports a finding, as related to the primary charged offenses, that appellant penetrated M.M.'s mouth with his sexual organ on one occasion (making her "suck his penis" during the "flip game") and that he contacted her sexual organ with his mouth on two occasions ("licking [her] vagina" during the "flip game" and "licking [her] vagina" during the "blanket incident"). This evidence demonstrates three separate and distinct acts of sexual abuse.

Applying evidence of each of the separate sexual-abuse acts to the counts for which appellant was convicted shows that appellant was impermissibly subjected to multiple punishments for the same offenses because the evidence supports fewer offenses than the number of offenses for which appellant was convicted.

Evidence of the "flip game" demonstrates mouth-sexual organ contact (appellant "licking [M.M.'s] vagina") and penile penetration of M.M.'s mouth (appellant making her "suck his penis"), which supports the aggravated-sexual-assault convictions for the offenses charged in

9

Count 1 (contacting M.M.'s sexual organ with his mouth) and in Count 2 (penetrating M.M.'s mouth with his sexual organ). Evidence of the "blanket incident" shows an additional mouth-sexual organ contact (appellant "licking [M.M.'s] vagina"), which supports the indecency-with-a-child conviction for the offense charged in Count 4 (appellant engaging in sexual contact with M.M. by touching her genitals). The evidence of appellant contacting M.M.'s sexual organ with his mouth (and therefore committing aggravated sexual assault) necessarily provides evidence of an act of sexual contact involving appellant touching M.M.'s genitals (and therefore committing indecency with a child by sexual contact). *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) ("[I]ndecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act.").

However, the evidence demonstrated only one act involving appellant's sexual organ contacting and penetrating M.M.'s mouth. Thus, the mouth-sexual organ contact charged in Count 3 (appellant causing M.M.'s mouth to contact appellant's sexual organ) was subsumed by the penetration act charged in Count 2 (appellant's penetration of M.M.'s mouth with his sexual organ) because the mouth-sexual organ contact was incident to and subsumed by the penetration. *See Maldonado*, 461 S.W.3d at 149 ("An offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act."); *Patterson*, 152 S.W.3d at 92 (stating that "penile contact with mouth . . . in the course of penile penetration will be subsumed"). Likewise, the genital touching charged in Count 5 (appellant engaging in sexual contact with M.M. by causing her to touch his genitals) was subsumed by the aggravated sexual assault charged in Count 2 (appellant's penetration of M.M.'s mouth with his sexual organ) because the genital contact was incident to and subsumed by the penetration. *See*

10

*Maldonado*, 461 S.W.3d at 150 n.1 ("An offense can also be legally subsumed when one offense is a lesser-included offense of another."). However, contrary to appellant's contention, the record does not establish—"clearly apparent" on its face—that the genital contact charged in the Count 4 indecency was subsumed by a greater alleged offense. In fact, the record supports that it was a separate and discrete act of sexual abuse.[4]

Because the indictment alleged, and the evidence supported, only three separate and distinct acts of sexual abuse, we conclude that two of appellant's convictions violate the

---

[4] As support for his double-jeopardy claim regarding Count 4, appellant asserts that "it is impossible to tell if Count 4 is a lesser included offense of Count 1, or if it is a separate offense for which the State simply did not seek a conviction on the most serious grounds" and therefore, according to appellant, he has "either been deprived by the State of the opportunity to raise the conviction for count 1, or count 4 as a bar to subsequent prosecution or Appellant's Double Jeopardy rights have been violated by being punished for both a greater and a lesser included offense." This argument is flawed for two reasons.

First, because appellant did not raise this double-jeopardy claim at trial, he can successfully raise it for the first time on appeal only if "the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *accord Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006). Appellant's argument concedes that it is unclear from the record whether the Count 4 indecency is a lesser included offense of one of the charged aggravated-sexual-assault offenses or is a separate and discrete act that could have been charged as aggravated sexual assault of a child but was charged as indecency with a child by sexual contact. Thus, as appellant's argument admits, the double-jeopardy violation is not "clearly apparent on the face of the record." *See Gonzalez*, 8 S.W.3d at 643.

Further, the record reflects that appellant did not request that the State elect—that is, the State was not required to formally differentiate the specific evidence on which it was relying as proof of the charged offenses from evidence of other offenses or misconduct the State offered only in an evidentiary capacity. *See Phillips v. State*, 193 S.W.3d 904, 909–10 (Tex. Crim. App. 2006) (discussing reasons for defendant to have State elect); *see also Cosio v. State*, 353 S.W.3d 766, 775–76 (Tex. Crim. App. 2011) (observing that defendant's decision to elect or not elect is purely strategic choice made after weighing relevant considerations). When a defendant does not compel the State to elect, the State will be jeopardy-barred from later prosecuting the defendant for *any* of the offenses presented at trial because it will be impossible to determine which particular incident of criminal conduct the jury was unanimous about. *Cosio*, 353 S.W.3d at 777.

11

prohibition against double jeopardy. We hold that the offenses charged in Counts 3 and 5 are subsumed by the offense charged in Count 2 because the evidence demonstrated only one separate and distinct act involving appellant's sexual organ contacting and penetrating M.M.'s mouth. Therefore, the three convictions for Counts 2, 3, and 5 violate the double-jeopardy prohibition against multiple punishments for the same offense. We sustain the double-jeopardy claim asserted in appellant's first point of error but agree with the State's analysis. *See Denton*, 399 S.W.3d at 545 ("While the state may have an interest in maintaining the finality of a conviction, we perceive no legitimate interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections.").

When a defendant is convicted in a single criminal trial of two offenses that are considered the same for double-jeopardy purposes, the remedy is to affirm the conviction for the "most serious" offense and to vacate one of the convictions. *Shelby v. State*, 448 S.W.3d 431, 440 (Tex. Crim. App. 2014); *accord Bien*, 550 S.W.3d at 188; *see Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016) (observing that "the appropriate remedy when a defendant is subjected to multiple punishments for the same conduct is to affirm the conviction on the most serious offense and vacate the other convictions").

Here, appellant was sentenced to twenty-one years' imprisonment for the aggravated-sexual-assault offenses in Counts 2 and 3, and six years' imprisonment for the indecency offense in Count 5. Both convictions for Counts 2 and 3 are first-degree felonies with identical sentences; the conviction for Count 5 is for a second-degree felony with a lesser sentence. Under these circumstances, we conclude that the "most serious" offense is the Count 2 aggravated sexual assault of a child. *See Bien*, 550 S.W.3d at 188 (discussing tiebreaker rules for

12

double-jeopardy purposes when identical sentence for both offenses); *Shelby*, 448 S.W.3d at 440–41 (explaining analysis for determining "most serious" offense for double-jeopardy purposes). We therefore retain appellant's conviction for aggravated sexual assault of a child in Count 2 and vacate his convictions for aggravated sexual assault of a child in Count 3 and indecency with a child by sexual contact in Count 5.

Finding that the record supports the indecency with a child charged in Count 4 as a separate and discrete act, we hold that the offense charged in Count 4 is not subsumed by the aggravated sexual assault charged in Count 1. We overrule appellant's second point of error.

## CONCLUSION

Having concluded that appellant's convictions for aggravated sexual assault of a child in Count 3 and indecency with a child in Count 5 violate the double-jeopardy prohibition against multiple punishments for the same offense, we affirm the trial court's judgments of conviction for aggravated sexual assault of a child in Counts 1 and 2, vacate the trial court's judgment of conviction for aggravated sexual assault of a child in Count 3, affirm the trial court's judgment of conviction for indecency with a child in Count 4, and vacate the trial court's judgment of conviction for indecency with a child in Count 5.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Counts 1, 2, and 4:     Affirmed

Counts 3 and 5:         Vacated

Filed:   December 13, 2019

Do Not Publish

14