

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00693-CR

Anthony L. **MALDONADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR6679
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  March 26, 2014

AFFIRMED AS MODIFIED

Anthony L. Maldonado appeals his convictions for the offenses of aggravated sexual

assault of a child and indecency with a child by contact.  Because they violate the Double Jeopardy

Clause of the Fifth Amendment, we vacate the convictions for indecency with a child by contact

under Count III and Count X and modify the trial court's judgment of conviction to so reflect.  In

all other respects, we affirm the judgment of the trial court.

**BACKGROUND**

Maldonado was charged with the offenses of aggravated sexual assault of a child and indecency with a child by contact. The indictment alleged five counts of aggravated sexual assault of a child, and eight counts of indecency with a child by contact, against two complainants,[1] committed on or about September 1, 2005, September 1, 2006, and March 1, 2007. The indictment also alleged in an enhancement paragraph a prior conviction of sexual assault.

The State waived Count V, and the remaining twelve counts were submitted to the jury, which found Maldonado guilty of each count. After Maldonado pleaded true to the enhancement paragraph, the trial court assessed punishment at life imprisonment on all counts, to run concurrently.

**DISCUSSION**

On appeal, Maldonado complains that the trial court erred in: (1) sustaining the State's objection to his question during voir dire on the basis that he was improperly attempting to commit the venire; (2) overruling his hearsay objection during the testimony of complainant S.R.; and (3) submitting Counts III and X of the indictment to the jury because they were lesser-included offenses of other aggravated sexual assault counts.

*Voir Dire*

Maldonado first argues that the trial court erred during voir dire when it sustained the State's objection that defense counsel was attempting to commit prospective jurors based on the allegations in the indictment. Specifically, defense counsel attempted to ascertain whether the jurors would regard the multi-count indictment as evidence of guilt and add credibility to the

---

[1] The complainants were both under the age of 14 at the time the assaults occurred; at trial, S.R. was 17 years old and M.R. was 19 years old.

complainants' testimony, as demonstrated by the following exchange that occurred during individual voir dire:

| Defense counsel: | (addressing potential juror #15) You think that because they've been accused multiple times or there's multiple accusations that that would make it so it would be hard for you to be fair, like you would go one way or the other? |
| Potential juror (#15): | I guess an example would be if that child can explain multiple different times that it happened, then the likeliness of it happening is probably true. |
| Counsel: | Just based on how many accusation there are, you - - |
| Potential juror (#15): | If it's the one person. Now, if in the past there's been other accusations from other people, maybe they weren't brought up or whatever, I'm not sure how that works. |
| Counsel: | Number 16, do you feel differently than number 15? |
| Potential juror (#16): | No, not really. I mean, we just have to hear the facts of the case. |
| Counsel: | Even before hearing the facts of the case, though, do you think it's more likely to be true? |
| Potential juror (#16): | Yeah, I think if someone's going to make up such an incredible lie, they can - - if it's accused two different settings, they can lie about that same setting. You know, they would lie about both of those settings. Now, if it was something that by multiple people, multiple times, then, yes, it would sway a little bit, tend to believe it's more accurate. |
| Prosecutor: | I'm sorry to interrupt, but, Judge, I'm going - - I feel like this is going into improper commitment questions from this jury panel. |
| The Court: | It's close. And I do want to talk about it. I need the attorneys at the bench and the court reporter at the bench. |

After a bench conference, the trial court sustained the State's objection.

We review a trial court's ruling regarding the limitation of voir dire questioning for an abuse of discretion. *Davis v. State*, 349 S.W.3d 517, 518 (Tex. Crim. App. 2011); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). In this review, our focus is on whether appellant proffered a proper question regarding a proper area of inquiry. *Barajas*, 93 S.W.3d at 38. A commitment question is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Often a commitment question requires a "yes" or "no" answer, and the

answer commits a juror to resolve an issue in a particular way. *Id.* Commitment questions can also be open-ended when they prompt a prospective juror to set the hypothetical parameters for her decision-making. *Id.* at 180. Not all commitment questions, however, are improper. *Id.* at 181. When the law requires a certain type of commitment from jurors, such as considering the full range of punishment, an attorney may ask prospective jurors to commit to following the law in that regard. *Id.* Should a proffered question be erroneously denied during individual voir dire, the error is subject to a harm analysis. *See, e.g., Woods v. State*, 152 S.W.3d 105, 109 (Tex. Crim. App. 2004). The Court of Criminal Appeals has held that there is no harm in cases in which the record reflects that counsel was able to ask the venire member a question that was "essentially the same" as the denied question, or to elicit the same information that the denied question sought to elicit. *See id.* at 110; *Rachal v. State*, 917 S.W.2d 799, 815 (Tex. Crim. App. 1996).

Assuming, without deciding, that the question was proper and that the trial court erred by denying Maldonado the right to ask it, we conclude that any error was harmless. *See* TEX. R. APP. P. 44.2(b); *Woods*, 152 S.W.3d at 109-10. The record reflects that after the trial court sustained the State's objection, the trial court once again explained to the jury that the indictment contained 13 counts, and specified that there were five counts of aggravated sexual assault of a child and eight counts of indecency with a child by contact. Defense counsel was permitted to ask potential jurors whether they could be fair in light of the multi-count indictment. *See Woods*, 152 S.W.3d at 110 (holding trial court's denial of a proper question did not have a substantial or injurious effect or influence in determining the jury's verdict where defense counsel was able to ask venire member essentially the same question as that which was previously denied). Those jurors who replied that they were concerned by the multi-count indictment were not selected to serve on the jury. Based on this record, we conclude the error, if any, in sustaining the State's objection was harmless. *See id.* We therefore overrule Maldonado's first issue.

*Hearsay*

Maldonado next argues that the trial court erred in overruling his hearsay objection during the testimony of complainant S.R. The following exchange occurred during the defense's re-cross-examination of S.R.:

Q:     In March of 2007 you received a phone call, right?
A:     Yes.
Q:     From your cousin [M.R.], right?
A:     Yes, sir.
Q:     And this is the first time [M.R.] tells you that she's being touched, right?
A:     Yes, sir.
Q:     Yet you remark to your mom he's touching [M.R.] again, right?
A:     Yes.
Q:     But previous to that you had no indication that he was touching [M.R.], right?
A:     No, I did not know until that time.

On redirect, the prosecution asked the following:

Q:     So . . . , [S.R.], what did you mean when you said he's touching her again? What did you mean when you told your mom that?
A:     Well, she didn't really explain to me how he touched her, but [s]he just said that - - that he rubbed her down there, that's all she told me.
Q:     Okay. Did she say that it had happened again?

Defense Counsel:  Objection, your Honor. That's a hearsay statement, I believe. Hearsay. Objection.

Prosecutor:  Well, Judge, it's being offered based on the questions by defense counsel.

The Court:  It's overruled. Go ahead.

Q:     [By the prosecutor]  So, in other words, you said to your mom[,] Nancy, He's touching her again, or, He touched her again. Why did you use the word "again"?
A:     Because he had already like, you know - - 'cause I told my mom that he - - when [M.R.] had told me that, she told me - - she told me she said it. I told her like he touched her again. And I told my mom he touched her again.
Q:     So that's what [M.R.] told you, that it happened again?
A:     Yes.

Here, before the defense's hearsay objection, the jury had already heard evidence regarding the telephone conversation between the two complainants, in which M.R. first told her cousin S.R. that Maldonado had assaulted her. On direct, S.R. testified that M.R. called and she "was like, oh my gosh, [S.R.], he did it again." S.R. asked M.R., "He touched you again?" And M.R. replied, "Yes, he touched me again." S.R. told her mother that "Anthony touched [M.R.] again." S.R. stated that her mother asked, "What do you mean he touched [M.R.] again?" No objections were lodged by the defense. On re-cross, the defense questioned S.R. regarding the statement that Maldonado had touched M.R. "again," attempting to cast doubt on her assertion that she did not know that Maldonado had assaulted M.R. prior to receiving M.R.'s phone call. To clear up any confusion that may have been caused by S.R.'s use of the word "again," the State on re-direct asked S.R. to explain what she had meant when she said that Maldonado had touched M.R. again.

The jury was informed by other witnesses that M.R. told S.R. that Maldonado had touched her again. S.R.'s mother testified that S.R. told her "it happened again" when M.R. called to tell S.R. that Maldonado had touched M.R. The defense likewise failed to object during S.R.'s testimony on direct where she repeatedly stated that Maldonado touched M.R. "again." *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (improper admission of evidence not reversible error if same or similar evidence is admitted without objection at another point during trial). We therefore overrule Maldonado's second issue on appeal.

### *Double Jeopardy*

Finally, Maldonado argues that the trial court erred in submitting the indecency allegations in Counts III and X of the indictment to the jury. Essentially, Maldonado argues that Counts III and X are barred by double jeopardy because they are subsumed in the aggravated sexual assault

offenses and he is being punished twice for the same offenses.[2]  The indictment alleged, in pertinent part, as follows:

COUNT I

on or about the 1st Day of September, 2005, ANTHONY MALDONADO, hereinafter referred to as defendant, did intentionally and knowingly cause the penetration of the SEXUAL ORGAN of [M.R.], a child who was younger than 14 years, by THE DEFENDANT'S SEXUAL ORGAN;

COUNT II

on or about the 1st Day of September, 2005, ANTHONY MALDONADO, hereinafter referred to as defendant, did intentionally and knowingly cause the penetration of the SEXUAL ORGAN [of] [M.R.], a child who was younger than 14 years, by THE DEFENDANT'S FINGER;

COUNT III

on or about the 1st Day of September, 2005, ANTHONY MALDONADO, hereinafter referred to as defendant, did intentionally and knowingly engage in sexual contact with [M.R.], A FEMALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS AND NOT THE SPOUSE OF THE DEFENDANT by touching PART OF THE GENITALS of [M.R.] with the intent to arouse or gratify the sexual desire of any person;

COUNT IX

on or about the 1st Day of September, 2005, ANTHONY MALDONADO, hereinafter referred to as defendant, did intentionally and knowingly cause the penetration of the SEXUAL ORGAN of [S.R.], a child who was younger than 14 years, by THE DEFENDANT'S FINGER;

COUNT X

on or about the 1st Day of September, 2005, ANTHONY MALDONADO, hereinafter referred to as defendant, did intentionally and knowingly engage in sexual contact with [S.R.], A FEMALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS AND NOT THE SPOUSE OF THE DEFENDANT by touching PART OF THE GENITALS of [S.R.] with the intent to arouse or gratify the sexual desire of any person[.]

---

[2] Although Maldonado did not raise a double jeopardy complaint in the trial court, we note that a double jeopardy claim may be raised for the first time on appeal when, as here, the "undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see also Saldaña v. State*, 287 S.W.3d 43, 56-57 (Tex. App.—Corpus Christi 2008, pet. ref'd).

Although a person who commits more than one discrete sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity, the penal statutes do not permit "stop-action" prosecutions. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999); *Barnes v. State*, 165 S.W.3d 75, 87 (Tex. App.—Austin 2005, no pet.). In other words, a "conviction for a completed sexual assault bars conviction for conduct that is demonstrably part of the commission of that offense." *Barnes*, 165 S.W.3d at 87. For instance, sexual contact, such as touching of the genitals, that occurs in the course of or incident to an act of digital or penile penetration is subsumed in the completed act. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Saldaña v. State*, 287 S.W.3d 43, 58 (Tex. App.—Corpus Christi 2008, pet. ref'd). The double jeopardy clause of the Fifth Amendment bars prosecution for sexual contact that was incidental to or subsumed within an alleged act of penetration for which the defendant had been placed in jeopardy at a previous trial. *Ex parte Pruitt*, 233 S.W.3d 338, 348 (Tex. Crim. App. 2007). The Double Jeopardy Clause also bars multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688-93 (1980); *Evans v. State*, 299 S.W.3d 138, 140-41 (Tex. Crim. App. 2009) (holding convictions and punishments for indecency with a child by contact and aggravated sexual assault of child based on same conduct resulted in multiple punishments for same offense in violation of double jeopardy clause).

In this case, Maldonado was charged with penetrating M.R.'s vagina both with his penis and digitally, on or about September 1, 2005 (Counts I and II); he was also charged with touching M.R.'s genitals on or about September 1, 2005 (Count III). At trial, M.R. testified that Maldonado put his penis and his fingers in her vagina on several occasions. She did not, however, testify that he touched her genitals by any other means, including orally. Thus, there was no evidence indicating that Maldonado committed the offense of indecency by touching her genitals separate

and apart from committing the aggravated sexual assaults by penile and digital penetration of M.R.'s vagina. *See Aportela v. State*, No. 08–05–00396–CR, 2007 WL 2523551, at *7 (Tex. App.—El Paso Sept. 6, 2007, pet. ref'd) (not designated for publication) (holding that indecency by touching was incident to and subsumed by the aggravated sexual assault by digital penetration conviction); *Belt v. State*, 227 S.W.3d 339, 344 (Tex. App.—Texarkana 2007, no pet.) (offense of indecency with child by touching anus was subsumed by aggravated sexual assault by penile penetration of the anus conviction where there was no evidence that complainant's anus was touched by anything other than defendant's penis).

Maldonado was similarly charged with digitally penetrating S.R.'s vagina on or about September 1, 2005 (Count IX) and with touching S.R.'s genitals on or about September 1, 2005 (Count X). At trial, S.R. clearly testified that Maldonado never touched her genitals with anything other than his hand. Accordingly, the record before us does not contain any evidence supporting the conclusion that Maldonado touched S.R.'s genitals except in the course of or incident to the penetration of her vagina by his finger. *See Aportela*, 2007 WL 2523551, at *7.

Based on the testimony presented at trial, we conclude that the indecency by touching alleged in Count III was incident to and subsumed by the aggravated sexual assault by penile penetration alleged in Count I and digital penetration alleged in Count II. *See Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.—Austin 2002), *aff'd,* 152 S.W.3d 88 (Tex. Crim. App. 2004). We similarly conclude that the indecency by touching alleged in Count X was incident to and subsumed by the aggravated sexual assault by digital penetration alleged in Count IX. *Id.* Maldonado's final issue is therefore sustained.

The proper remedy is to modify the judgment by vacating the lesser conviction and sentence. *See Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). Accordingly, we modify the judgment by vacating

the convictions for indecency with a child by contact under Count III and Count X. *See Ball v. United States*, 470 U.S. 856, 864-65 (1985) (appropriate remedy for any double jeopardy violation is to vacate one of the convictions); *Ex parte Cavazos*, 203 S.W.3d at 337 (when a defendant is convicted of two offenses that are the same for double jeopardy purposes, the conviction for which the greatest sentence was assessed is retained and the other conviction is set aside); *Rodriguez v. State*, No. 04-11-00809-CR, 2012 WL 6013426, at *5 (Tex. App.—San Antonio Nov. 30, 2012, pet. ref'd) (mem. op., not designated for publication) (same).

### CONCLUSION

Because they violate the Double Jeopardy Clause of the Fifth Amendment, we vacate the convictions for indecency with a child by contact under Count III and Count X and modify the trial court's judgment to so reflect. As modified, the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

PUBLISH