

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD–0542–14
---

### ANTHONY L. MALDONADO, Appellant

### v.

### THE STATE OF TEXAS

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY
---

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., and KEASLER, HERVEY, ALCALA, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., filed a concurring opinion in which NEWELL, J., joined. JOHNSON, J., concurred. YEARY, J., did not participate.

### O P I N I O N

Appellant was convicted of twelve counts of aggravated sexual assault of a child and indecency with a child and sentenced to life in prison. The court of appeals vacated two of the convictions for indecency with a child on double jeopardy grounds and modified the judgment of the trial court. *Maldonado v. State*, 430 S.W.3d 460 (Tex. App.–San Antonio, 2014). The State filed a petition for discretionary review, which we

granted to consider whether the subsumption theory of *Patterson v. State*, 152 S.W.3d 88 (Tex. Crim. App. 2004) is still valid and if so, whether a single count alleging sexual contact is subsumed by a count alleging penetration when there is evidence of multiple incidents of penetration which could have formed the basis for each count. We will reverse the judgment of the court of appeals.

**BACKGROUND**

Appellant was charged with two counts of aggravated sexual assault of M.R. by penetrating her sexual organ with his sexual organ and with his finger. He was charged with indecency with a child by contact by touching M.R.'s sexual organ. He was also charged with aggravated sexual assault of S.R. by penetrating her sexual organ with his finger and with indecency with a child by contact by touching S.R.'s sexual organ. All of these counts were alleged to have been committed on or about the same day, but other counts in the indictment were alleged to have occurred on other dates from September of 2005 through March of 2007. M.R. testified that Appellant sexually abused her three to five times a week from the time she was eight years old until she was 13 years old. S.R. stated that Appellant touched her every day.

On appeal, Appellant argued that the two counts of indecency with a child were barred by double jeopardy because they were subsumed in the aggravated sexual assault offenses, so he is being punished twice for the same offenses. Citing *Patterson v. State*, 152 S.W.3d at 92, the court of appeals stated that "sexual contact, such as touching of the

genitals, that occurs in the course of or incident to an act of digital or penile penetration is subsumed in the completed act." *Maldonado*, 430 S.W.3d at 466. The court of appeals determined that there was no evidence that Appellant committed the offense of indecency by touching M.R.'s genitals separate and apart from committing the aggravated sexual assaults by penile and digital penetration of her vagina and there was no evidence that Appellant touched S.R's genitals except in the course of or incident to the penetration of her vagina by his finger. *Id*. at 466-67. The court of appeals concluded that the count of indecency by touching M.R. was subsumed by the counts for aggravated sexual assault by penile and digital penetration of M.R. and the count of indecency by touching S.R. was subsumed by the count of aggravated sexual assault by digital penetration of S.R. The court of appeals modified the judgment by vacating two of the convictions for indecency with a child by contact. *Id*. at 467.

We granted the State's petition for discretionary review to consider the following two grounds:

> 1. Is the subsumption theory of *Patterson v. State* still valid in light of this Court's more recent case law?

> 2. If *Patterson* is still valid, is a single count alleging sexual contact subsumed by a count alleging penetration where there is evidence of multiple incidents of penetration which could have formed the basis for each count?

## ARGUMENTS OF THE PARTIES

The State argues that the contact offenses in this case were not factually subsumed

by the penetration offenses and conviction for each offense was permissible. The notion that several separate sex acts amount to only one offense is contrary to this Court's case law regarding the unit of prosecution for sexual assault. The State says that it is up to the legislature to decide whether conduct constitutes a single offense and argues that the sexual-assault statute indicates that the legislature intended for each separately described conduct to constitute a separate statutory offense. The State contends that the unit of prosecution for any sex offense is one conviction per victim for each proscribed act committed. Although we held in *Patterson* that exposure, contact, and penetration were a single act and that the legislature did not intend "stop-action" prosecutions, the State says that when a defendant exposes himself, contacts the victim's sex organ, and penetrates the victim's sex organ, three separately proscribed acts have occurred. *See Patterson*, 152 S.W.3d at 92. Even separate acts that occur close in time can be separate offenses if each involves a separate impulse or intent. The State acknowledges that there may be some cases where contact and penetration are simultaneous, where contact is only that which is anatomically necessary to penetrate and is truly incidental to penetration. But other cases, such as those where the victim testifies to both contact and penetration, involve two separate acts with two separately formulated intents. The State concludes that sexual assault and indecency with a child are not continuing offenses. Once exposure occurs, that offense is complete and it cannot be subsumed by subsequent contact; once sexual contact occurs, that offense is complete and it is not subsumed by subsequent penetration.

While indecency with a child by contact may be a lesser-included offense of sexual assault by penetration when the two offenses are predicated on the same act, there is no jeopardy violation when each offense is based on a separate act. The State says that where the gravamen of the offense is the forbidden conduct itself, each intentional act of sexual contact or penetration is a separate sexual assault. The State disagrees with the way some courts have interpreted *Patterson*'s subsumption doctrine as preventing the conduct leading up to the ultimate sex act from being separately punished because it is merely part of the completed sex act. The State contends that each act is an escalation of the previous one and that the actor can choose to stop at any point during an episode of criminal misconduct.

The State questions whether a single count alleging sexual contact is subsumed by a count alleging penetration when there is evidence of multiple incidents of penetration which could have formed the basis for each count. Even if the unit of prosecution for sexual assault or indecency with a child is one proscribed act per incident and the passage of time or a change in location is necessary to separate one incident from another, the evidence in this case showed multiple instances of conduct. Due to the evidence in this case of multiple sexual assaults over the span of several years, the State says that the jury could have based its conviction for contact on an incident that took place on one day and its conviction for sexual assault on an incident that occurred the following day. The State argues that this is permissible even if both incidents involved contact followed by

penetration.

Finally, the State points out that although all five counts of contact and penetration alleged the same date, the State is not bound by the dates alleged in the indictment and was not bound by any particular instances of conduct to prove the allegations in the indictment. The State concludes that the court of appeals erred in holding that the contact offenses were subsumed by the penetration offenses when there was evidence of multiple instances of both offenses and the jury was not limited as to what evidence it could rely upon for conviction.

Appellant argues that the court should apply the same-elements test set out in *Blockburger* to determine whether the prosecution violates the Double Jeopardy Clause's protection against multiple punishments. *See Blockburger v. U.S.*, 284 U.S. 299 (1932). Appellant acknowledges that aggravated sexual assault of a child and indecency with a child are distinct and separate statutes, but says that one offense may be a lesser-included offense of another or subsumed by the other. When this occurs, the proper remedy is to vacate the lesser-included offense. Appellant disagrees with the State's assertion that the court of appeals must have erroneously believed that the evidence was of only a single episode. Appellant points out that the court of appeals based its conclusion on the testimony presented at trial.

The indictment provides a defendant notice of the offenses with which he is charged so he may prepare a defense. Appellant states that the indictment here gave him

notice that the State intended to prove four separate and distinct occasions of conduct. While Appellant agrees that the State is not bound by the dates in the indictment, he argues that because the State chose to allege the same date for the contact and penetration counts, he did not have the required notice to defend against separate acts.

## ANALYSIS

The State asks us whether the subsumption theory from *Patterson v. State* is still valid. We hold that it is. *Patterson* involved two identical incidents against one eleven-year-old victim during one night. The victim testified that the defendant, a family friend who was staying overnight at their house, tried to make her touch his "private." When she pulled her hand away, the defendant pushed his "private" inside her "butt." The victim went to the bathroom and when she returned to bed, the defendant again tried to make her put her hand on his "private" and then put his "private" in her "butt" a second time. The victim went to her parents' room and told them what the defendant did and they immediately called the police. 152 S.W.3d at 89-90. The defendant was charged with aggravated sexual assault by penetration, aggravated sexual assault by contact, attempted indecency by contact, indecency with a child by contact, and indecency with a child by exposure. The court of appeals reversed the convictions for indecency by contact and indecency by exposure. The State argued that the conviction for indecency by exposure should stand because the legislature clearly expressed an intent to impose multiple punishments in such cases. *Id.* at 90.

We declined to address double jeopardy in *Patterson* and instead resolved the case on the basis of statutory construction. *Id*. We stated that, "While it is clear from the plain language of the various statutes that the legislature intended harsh penalties for sexual abuse of children, there is nothing in the language to suggest that it intended to authorize 'stop action' prosecution." *Id*. at 92. We explained that, depending on the facts of the case, indecency by exposure may or may not be a part of sexual assault or indecency by contact. *Id*. We concluded that because the record did not show an occasion during the assaults when the defendant's exposure of his penis was a separate offense, the exposures were incident to and subsumed by the aggravated sexual assaults by penetration. *Id*. We stated, "For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed." *Id*. We also made it clear that such a determination depends on the facts of the case. Under the facts in *Patterson*, that example was true. Each of the two aggravated assaults in *Patterson* was one distinct act. Thus, *Patterson* can be distinguished from the case before us because here there were many separate acts of both contact and penetration at many different times.

The facts in *Aekins v. State*, 447 S.W.3d 270 (Tex. Crim. App. 2014) are similar to *Patterson*. The defendant in *Aekins* was convicted of penetration by finger, penetration by mouth, and contact by mouth. The court of appeals vacated the contact offense because it was based on the same act for which he was also convicted of penetration by

mouth. *Id*. at 273-74. We agreed that the offenses of contact by mouth and penetration by mouth were committed by a single criminal act and that the defendant could be punished only once for that act. *Id*. at 283. The offense in *Aekins* was a single incident of sexual assault in which the defendant performed oral sex on the adult victim and put his fingers inside her vagina against her will while she was babysitting the defendant's children. The victim immediately got up, left the house, and called the police. Under such facts, we concluded that "the jury in this case could not have found two separate acts of the defendant's mouth contacting and penetrating [the victim]'s sexual organ." *Aekins*, 447 S.W.3d at 283. We held that the Double Jeopardy Clause barred multiple convictions that were based on a single continuous act.

Like *Patterson*, *Aekins* is distinguishable from the case before us. Here, the jury was presented with evidence of multiple instances of conduct involving different acts at different times over a span of many years. Thus, in the case before us, the jury very well could have found completely separate acts of indecency with a child by touching and aggravated sexual assault by penetration. We considered whether separate acts of indecency with a child were jeopardy barred in *Loving v. State*, 401 S.W.3d 642 (Tex. Crim. App. 2013). In *Loving*, the defendant exposed his genitals and began masturbating in the presence of two girls who were 8 and 9 years of age. After he finished masturbating, he touched the older girl's breast and asked her to touch his penis. The victim testified that she punched him in the penis. *Id*. at 643. We determined that the

defendant's indecency-by-exposure conviction was not jeopardy barred because the defendant's conduct violated the indecency-with-a-child statute two separate times, both by contact and by exposure. The exposure of his penis to masturbate was a separate and distinct act from indecency by contact for causing the victim to touch his genitals. We said that the statute prohibiting indecency by contact and indecency by exposure protects children from different potential harms and the legislature intended to allow separate punishments for each prohibited act. *Id*. at 649.

We conclude that the court of appeals should have followed *Loving* rather than *Patterson*. *Patterson* is properly applied when, under the facts of the case, the jury could not have found separate offenses or separate acts. In *Patterson*, the exposure was not separate from the penetration and the legislature did not authorize separate punishments in that situation. Similarly, in *Aekins* the touching was not separate from the penetration; it was all part of a single act of penetration, which would be impossible without contact. An offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act. The exposure in *Patterson* and touching in *Aekins* were factually subsumed by the penetration offenses and it would violate the Double Jeopardy Clause to punish the defendant more than once for the same conduct.

While it is true that penetration cannot physically occur in the absence of contact, the contact offenses here are not factually subsumed because there was evidence that separate and distinct indecency-by-contact offenses occurred at other times in addition to

the contact associated with the penetration offenses. Thus, subsumption does not apply in this case.[1] Here, there were many separate acts of both contact and penetration. Because the focus of sex offenses is the prohibited conduct and the legislature intended to allow separate punishments for each prohibited act, the multiple convictions do not violate the Double Jeopardy Clause.

## CONCLUSION

*Patterson* is still valid but subsumption does not apply to the facts of this case. A single count alleging sexual contact is not subsumed by a count alleging penetration where there is evidence of multiple incidents of both contact and penetration which could have formed the basis for each count.

The judgment of the court of appeals is reversed. Because the convictions for indecency with a child by contact did not violate the Double Jeopardy Clause, the original judgment of the trial court is affirmed.

Delivered: May 13, 2015

Publish

---

[1]An offense can also be legally subsumed when one offense is a lesser-included offense of another. However, the offenses here were not legally subsumed. The indecency with a child by contact offenses cannot be considered lesser-included offenses because an indecency with a child by contact on one day is not a lesser-included offense of a sexual assault on another day.