

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAY ANTHONY GUERRERO, | § | No. 08-23-00293-CR |
| Appellant, | § | Appeal from the |
| v. | § | 175th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| Appellee. | § | (TC# 2022-CR-8677) |

## MEMORANDUM OPINION[1]

A jury convicted Appellant Ray Anthony Guerrero of one count of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B)(1). Guerrero appeals each of his judgments of conviction, contending, for the first time on appeal, that they violate the Constitutional prohibition against double jeopardy. We affirm.

---

[1] We hear this case on transfer from the Fourth Court of Appeals in San Antonio and apply that court's precedent as required by Tex. R. App. P. 41.3.

## FACTUAL AND PROCEDURAL BACKGROUND

Guerrero was charged by indictment with one count of aggravated sexual assault of a child (Count I), and two counts of indecency with a child (Counts II and III).[2] Guerrero pleaded not guilty, and the case proceeded to a jury trial.

The evidence at trial showed that, after A.M.G.'s[3] mother passed away in March 2019, she moved in and lived full time with her father, Guerrero. Although A.M.G. had five half-siblings, only some of them were also Guerrero's children. Occasionally, her half-siblings would visit their home. A.M.G., however, was the only child that lived with Guerrero full time.

A.M.G. testified that she remembered the abuse began after her 13th birthday, which fell in June 2020. She described that she slept in the same bed with Guerrero every night. A.M.G. described that, at that time, he started holding her, which she initially thought of as normal. She testified, however, that he started touching her thighs and her butt, and actions progressed from there. She said the touching started over her clothes and progressed to under her clothes. A.M.G. testified Guerrero touched her with his hands and by pressing his body against hers. A.M.G. described that, while her underwear was off, Guerrero would rub his penis onto her butt, thighs, and vagina. A.M.G. testified Guerrero did this more than once. She further testified that the last time any abuse happened was on October 26, 2020. She testified that on that occasion, Guerrero penetrated her anus with his penis. The next day, she told one of her sisters what Guerrero had done. Her sister told her mother who then told A.M.G.'s maternal grandfather. A.M.G.'s grandfather called the police and took A.M.G. to the hospital. The child abuse pediatrician who

---

[2] Guerrero was originally indicted with three counts of indecency by contact, but the State abandoned one count. The indictment was amended to renumber the original Count IV as Count III.

[3] Because the complaining witness was a minor at the time of the offense, we use her initials to protect her anonymity. *See* Tex. R. App. P. 9.10(a)(3).

examined A.M.G. also testified during the State's case in chief. She repeated A.M.G.'s description of the abuse which corresponded with what A.M.G. told the jury.

At the conclusion of trial, the jury found Guerrero guilty of all three counts, and assessed punishment of 27 years imprisonment for Count I, and 10 years imprisonment for each of Counts II and III. The judge imposed the assessed sentences, each to run concurrently. Guerrero now appeals.

## DOUBLE JEOPARDY

In one issue, Guerrero asserts his conviction for indecency with a child by contact, or Count III, violates double jeopardy protections because the act alleged was factually subsumed into the aggravated sexual assault of a child charge, or Count I.

### A. Preservation of error

As a threshold matter, we first note that Guerrero did not lodge a double-jeopardy objection in the trial court. Because of the "fundamental nature" of this protection, a double jeopardy claim may be raised for the first time on appeal only if "(1) the undisputed facts show the double-jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest." *Garfias v. State*, 424 S.W.3d 54, 57–58 (Tex. Crim. App. 2014). "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *See Ex Parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (en banc). A double jeopardy claim is apparent on the face of the record when there is no need for such expansion of the record because the record contains all of the information needed to address the merits of the double-jeopardy claim. *Ex Parte Denton*, 399 S.W.3d at 544. Here, if we were to

3

conclude that there is a double-jeopardy violation, the remedy will be to vacate one of the convictions and no additional proceedings will be required. *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006).

Accordingly, we must determine whether the purported double jeopardy violation is clearly apparent from the face of the record.

### B. Applicable law

The Double Jeopardy Clause in the Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also* Tex. Const. art. I, § 14 ("No person, for the same offence, shall be twice put in jeopardy of life or liberty[.]"); *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (holding that Fifth Amendment Double Jeopardy Clause applies to states through Fourteenth Amendment Due Process Clause). There are three types of double jeopardy: (1) a second prosecution for the same offense following acquittal; (2) a second prosecution for the same offense following conviction; and (3) multiple punishments for the same offense. *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013) (citing *Brown v. Ohio*, 432 U.S. 161, 164–65 (1977)). The third type—multiple punishments for the same offense—can be further divided into two categories: (a) the inclusion of a lesser-included offense or (b) punishment of the same criminal conduct under two distinct statutes when the legislature intended only a single punishment for the conduct. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

In cases with double-jeopardy issues in sexual-assault cases, it has been held that the Legislature's intent is to punish each discrete assault. *Aekins v. State*, 447 S.W.3d 270, 277–78 (Tex. Crim. App. 2014). "Separate criminal acts committed during a single sexual encounter may be punished separately, but a criminal act (such as exposure or contact) that is committed as part

of a continuing sexual assault that results in one complete, ultimate act of penetration may not be punished along with that complete, ultimate act." *Id.* at 278 (citing *Patterson v. State*, 152 S.W.3d 88, 91–92 (Tex. Crim. App. 2004)). Separate acts of contact and penetration may result in separate offenses. *Hernandez v. State*, 631 S.W.3d 120, 124 (Tex. Crim. App. 2021) (noting, "[i]n short, different body parts mean different crimes").

Although the Court of Criminal Appeals has held that indecency with a child can be a lesser-included offense of sexual assault of a child, that holding is contingent on the offenses being predicated on the same conduct. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). For example, "penile contact with [the] mouth, genitals or anus in the course of penile penetration will be subsumed." *Patterson*, 152 S.W.3d at 92. In contrast, an allegation that a defendant penetrated a child's mouth with his penis does not include claims that he touched the child's torso with his penis or touched her vagina with his hand. Although these acts qualify as lesser offenses, they are not included because "they are separate crimes for which the defendant could be prosecuted in addition to the greater, charged offense." *Hernandez*, 631 S.W.3d at 122.

## C. Application

Guerrero was convicted of three offenses under two separate penal statutes. The first offense—aggravated sexual assault of a child—is defined as occurring when a person causes the penetration of the anus or sexual organ of a child by any means. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i). Of the two other offenses—indecency with a child by contact—occurs when a person engages in sexual contact with a child or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1). Last, sexual contact is defined as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1).

A.M.G.'s testimony at trial described multiple occasions, occurring after June 2020, of Guerrero touching her "butt, []thighs, and [] vagina," both over her clothes and under her clothes. She described he would touch her with his hands and would rub his genitals against her. This touching established the commission of indecency with a child by sexual contact. *See Id.* § 21.11(a)(1). A.M.G. also testified that, on October 26, 2020, Guerrero penetrated her anus with his penis. This act established the commission of aggravated sexual assault. *See id.* § 22.021(a)(1)(B)(i).

Guerrero's complaint is that A.M.G. did not testify with specificity as to any other incident, other than the October 26, 2020 incident, which could support his conviction for indecency with a child by sexual contact. Therefore, Guerrero asserts, the substance of the indecency with a child by sexual contact offense was factually subsumed into the aggravated sexual assault offense. We disagree.

Guerrero's assertion misstates A.M.G.'s testimony at trial. Although A.M.G. described only one instance of penetration where Guerrero's penis contacted her anus, she otherwise described previous instances of Guerrero touching her genitals and causing her to touch his penis. If the record supports separate and distinct acts, even if committed in close temporal proximity, the incidents may lawfully give rise to a conviction for each separate act. *See Maldonado v. State*, 461 S.W.3d 144, 147, 149–50 (Tex. Crim. App. 2015).

The record testimony allowed the jury to convict Guerrero for each count of indecency by sexual contact and aggravated sexual assault without violating the Double Jeopardy clause. *See Maldonado*, 461 S.W.3d at 149–50 (noting distinction in cases where jury is presented with evidence of multiple instances of conduct involving different acts at different times over a span of many years as compared to cases where improper sexual touching is not separate from

6

penetration); *Brown v. State*, No. 02-22-00190-CR, 2023 WL 4779490, at *5 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication) (holding conviction for multiple counts for indecency with a child and sexual assault of a child did not violate the Double Jeopardy clause).

Accordingly, Guerrero has not established a double jeopardy violation based on undisputed facts that are clearly apparent on the face of the record. *See Gonzalez*, 8 S.W.3d at 643. We overrule Guerrero's sole issue.

## CONCLUSION

We affirm the judgments of conviction.


GINA M. PALAFOX, Justice

May 21, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)

7